Charles H. Chevalier
Michael V. Caracappa
FBT GIBBONS LLP
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, ASTRAZENECA AB, KUDOS PHARMACEUTICALS LIMITED, THE UNIVERSITY OF SHEFFIELD, and MSD INTERNATIONAL BUSINESS GMBH<br><br>*Plaintiffs*,<br><br>v.<br><br>CIPLA LIMITED and CIPLA USA, INC.,<br><br>*Defendants*. | Civil Action No. 3:26-cv-08720-JCG-TJB<br><br>**PLAINTIFFS' ANSWER TO COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**<br><br>**(Filed Electronically)** |

Plaintiffs and Counterclaim Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, AstraZeneca AB, KuDOS Pharmaceuticals Limited, The University of Sheffield, and MSD International Business GmbH (collectively, "Plaintiffs"), by their attorneys, hereby answer the Counterclaims of Defendants and Counterclaim Plaintiffs Cipla Limited and Cipla USA, Inc. (collectively, "Cipla"), filed on September 28, 2026 (ECF No. 13), as follows.

## PARTIES

1. On information and belief, Plaintiffs admit the allegations of Paragraph 1.

2. On information and belief, Plaintiffs admit the allegations of Paragraph 2.

3. Plaintiffs admit the allegations of Paragraph 3.

4. Plaintiffs admit the allegations of Paragraph 4.

5. Plaintiffs admit the allegations of Paragraph 5.

6. Plaintiffs admit the allegations of Paragraph 6.

7. Plaintiffs admit the allegations of Paragraph 7.

8. Plaintiffs admit the allegations of Paragraph 8.

9. Plaintiffs admit the allegations of Paragraph 9.

10. Plaintiffs admit that AstraZeneca Pharmaceuticals LP sells Lynparza® in the United States.

## JURISDICTION AND VENUE

11. The allegations of Paragraph 11 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that this Court has subject matter jurisdiction in this matter.

12. The allegations of Paragraph 12 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that this Court has personal jurisdiction over Plaintiffs in this matter.

13. The allegations of Paragraph 13 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that venue is proper in this Court.

14. The allegations of Paragraph 14 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that on July 14, 2026, they filed the Complaint in this action in this District against Cipla alleging infringement of U.S. Patent No. 8,859,562 ("the '562 patent"); U.S. Patent No. 11,975,001 (the "'001 patent"); U.S. Patent No. 12,048,695 ("the '695 patent"); and U.S. Patent No. 12,144,810 ("the '810 patent") (collectively, the "Patents-in-Suit"). Plaintiffs further admit that an actual case or controversy exists between Plaintiffs and Cipla with respect to the infringement and validity of the Patents-in-Suit. Plaintiffs deny that Cipla or Cipla's ANDA Products do not infringe the Patents-in-Suit, deny that any claim of the Patents-in-Suit is invalid, and deny any remaining allegations of Paragraph 14.

**LYNPARZA® (olaparib)**

15. Plaintiffs admit that AstraZeneca Pharmaceuticals LP is the holder of approved NDA No. 208558, under which the United States Food and Drug Administration ("FDA") granted approval for olaparib tablets marketed in the United States under the trade name LYNPARZA®. Plaintiffs deny any remaining allegations of Paragraph 15.

**COUNTERCLAIM PATENTS**

16. Plaintiffs admit the allegations of Paragraph 16.

17. Plaintiffs admit the allegations of Paragraph 17.

18. Plaintiffs admit the allegations of Paragraph 18.

19. Plaintiffs admit the allegations of Paragraph 19.

20. Plaintiffs admit the allegations of Paragraph 20.

21. Plaintiffs admit they received Cipla's Letter dated June 11, 2026. To the extent there are remaining allegations in this paragraph, Plaintiffs deny them.

22. Plaintiffs admit they received Cipla's Letter dated June 11, 2026. To the extent there are remaining allegations in this paragraph, Plaintiffs deny them.

23. Plaintiffs admit the allegations of Paragraph 23.

## CIPLA'S ANDA PRODUCTS

24. On information and belief, Plaintiffs admit the allegations of Paragraph 24.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '562 PATENT – 200 MG)

25. In Paragraph 25, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–24 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–24 as though set forth herein.

26. Plaintiffs admit the allegations of Paragraph 26.

27. The allegations of Paragraph 27 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

28. The allegations of Paragraph 28 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

29. The allegations of Paragraph 29 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding the infringement of the ’562 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

30. The allegations of Paragraph 30 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

**SECOND COUNTERCLAIM**

**(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’562 PATENT – 250 MG)**

31. In Paragraph 31, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–30 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–30 as though set forth herein.

32. Plaintiffs admit the allegations of Paragraph 32.

33. The allegations of Paragraph 33 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

34. The allegations of Paragraph 34 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

35. The allegations of Paragraph 35 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding

the infringement of the ’562 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

36. The allegations of Paragraph 36 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

**THIRD COUNTERCLAIM**

**(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’562 PATENT – 300 MG)**

37. In Paragraph 37, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–36 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–36 as though set forth herein.

38. Plaintiffs admit the allegations of Paragraph 38.

39. The allegations of Paragraph 39 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

40. The allegations of Paragraph 40 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

41. The allegations of Paragraph 41 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding the infringement of the ’562 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

42. The allegations of Paragraph 42 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

**FOURTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE ’562 PATENT)**

43. In Paragraph 43, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–42 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–42 as though set forth herein.

44. The allegations of Paragraph 44 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that the ’562 patent is invalid. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

45. The allegations of Paragraph 45 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs assert infringement of the ’562 patent by Cipla’s ANDA Products. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

46. The allegations of Paragraph 46 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that any claim of the ’562 patent is invalid or that any claim of the ’562 patent is not infringed by Cipla’s ANDA Products. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

47. The allegations of Paragraph 47 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not deny that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding

the validity of any claim of the ’562 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

48. The allegations of Paragraph 48 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

**FIFTH COUNTERCLAIM**

**(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’001 PATENT – 200 MG)**

49. In Paragraph 49, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–48 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–48 as though set forth herein.

50. Plaintiffs admit the allegations of Paragraph 50.

51. The allegations of Paragraph 51 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

52. The allegations of Paragraph 52 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

53. The allegations of Paragraph 53 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding the infringement of the ’001 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

54. The allegations of Paragraph 54 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

## SIXTH COUNTERCLAIM

## (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’001 PATENT – 250 MG)

55. In Paragraph 55, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–54 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–54 as though set forth herein.

56. Plaintiffs admit the allegations of Paragraph 56.

57. The allegations of Paragraph 57 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

58. The allegations of Paragraph 58 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

59. The allegations of Paragraph 59 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding the infringement of the ’001 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

60. The allegations of Paragraph 60 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

## SEVENTH COUNTERCLAIM

## (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’001 PATENT – 300 MG)

61. In Paragraph 61, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–60 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–60 as though set forth herein.

62. Plaintiffs admit the allegations of Paragraph 62.

63. The allegations of Paragraph 63 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

64. The allegations of Paragraph 64 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

65. The allegations of Paragraph 65 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding the infringement of the ’001 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

66. The allegations of Paragraph 66 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

**EIGHTH COUNTERCLAIM**

**(DECLARATORY JUDGMENT OF INVALIDITY OF THE ’001 PATENT)**

67. In Paragraph 67, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–66 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–66 as though set forth herein.

68. The allegations of Paragraph 68 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that the ’001 patent is invalid. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

69. The allegations of Paragraph 69 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs assert infringement of the ’001 patent by Cipla’s ANDA Products. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

70. The allegations of Paragraph 70 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not deny that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding the validity of any claim of the ’001 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

71. The allegations of Paragraph 71 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

## NINTH COUNTERCLAIM

## (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '695 PATENT – 200 MG)

72. In Paragraph 72, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–71 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–71 as though set forth herein.

73. Plaintiffs admit the allegations of Paragraph 73.

74. The allegations of Paragraph 74 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

75. The allegations of Paragraph 75 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

76. The allegations of Paragraph 76 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding the infringement of the '695 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

77. The allegations of Paragraph 77 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

## TENTH COUNTERCLAIM

## (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’695 PATENT – 250 MG)

78. In Paragraph 78, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–77 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–77 as though set forth herein.

79. Plaintiffs admit the allegations of Paragraph 79.

80. The allegations of Paragraph 80 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

81. The allegations of Paragraph 81 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

82. The allegations of Paragraph 82 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding the infringement of the ’695 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

83. The allegations of Paragraph 83 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

## ELEVENTH COUNTERCLAIM

## (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’695 PATENT – 300 MG)

84. In Paragraph 84, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–83 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–83 as though set forth herein.

85. Plaintiffs admit the allegations of Paragraph 85.

86. The allegations of Paragraph 86 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

87. The allegations of Paragraph 87 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

88. The allegations of Paragraph 88 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding the infringement of the ’695 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

89. The allegations of Paragraph 89 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

## TWELFTH COUNTERCLAIM

## (DECLARATORY JUDGMENT OF INVALIDITY OF THE ’695 PATENT)

90. In Paragraph 90, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–89 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–89 as though set forth herein.

91. The allegations of Paragraph 91 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that the ’695 patent is invalid. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

92. The allegations of Paragraph 92 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs assert infringement of the ’695 patent by Cipla’s ANDA Products. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

93. The allegations of Paragraph 93 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not deny that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding the validity of any claim of the ’695 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

94. The allegations of Paragraph 94 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

## THIRTEENTH COUNTERCLAIM

## (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '810 PATENT – 200 MG)

95. In Paragraph 95, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–94 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–94 as though set forth herein.

96. Plaintiffs admit the allegations of Paragraph 96.

97. The allegations of Paragraph 97 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

98. The allegations of Paragraph 98 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

99. The allegations of Paragraph 99 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding the infringement of the '810 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

100. The allegations of Paragraph 100 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

## FOURTEENTH COUNTERCLAIM

## (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’810 PATENT – 250 MG)

101. In Paragraph 101, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–100 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–100 as though set forth herein.

102. Plaintiffs admit the allegations of Paragraph 102.

103. The allegations of Paragraph 103 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

104. The allegations of Paragraph 104 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

105. The allegations of Paragraph 105 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding the infringement of the ’810 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

106. The allegations of Paragraph 106 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

## FIFTEENTH COUNTERCLAIM

## (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’810 PATENT – 300 MG)

107. In Paragraph 107, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–106 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–106 as though set forth herein.

108. Plaintiffs admit the allegations of Paragraph 108.

109. The allegations of Paragraph 109 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

110. The allegations of Paragraph 110 set forth legal conclusions to which no response is required. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

111. The allegations of Paragraph 111 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding the infringement of the ’810 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

112. The allegations of Paragraph 112 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

**SIXTEENTH COUNTERCLAIM**

**(DECLARATORY JUDGMENT OF INVALIDITY OF THE ’810 PATENT)**

113. In Paragraph 113, Cipla purports to repeat and incorporate by reference the allegations set forth in Paragraphs 1–112 of its Counterclaims. Plaintiffs therefore reallege and incorporate by reference their responses to Paragraphs 1–112 as though set forth herein.

114. The allegations of Paragraph 114 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that the ’810 patent is invalid. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

115. The allegations of Paragraph 115 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs assert infringement of the claims of the ’810 patent by Cipla’s ANDA Products. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

116. The allegations of Paragraph 116 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not deny that there is an actual, substantial, and continuing justiciable case or controversy between Cipla and Plaintiffs regarding the validity of any claim of the ’810 patent. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

117. The allegations of Paragraph 117 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Cipla is entitled to any of the relief it seeks. To the extent there are remaining allegations of this paragraph, Plaintiffs deny them.

## RESPONSE TO REQUEST FOR RELIEF

The paragraphs following Paragraph 117 state Cipla's Request for Relief, to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of these paragraphs and deny that Cipla is entitled to any of the relief requested therein, or to any relief whatsoever.

* * *

To the extent that a further answer is required to any paragraphs of Cipla's Counterclaims, Plaintiffs deny all further allegations. Any allegation in the Counterclaims not expressly admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Cipla's Counterclaims fail to allege facts sufficient to state a cause of action and fail to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Cipla's Counterclaims have failed to state a claim upon which relief for exceptional cases under 35 U.S.C. § 285 can be granted.

### THIRD AFFIRMATIVE DEFENSE

Cipla's Counterclaims have failed to properly plead or put Plaintiffs on fair notice of any theory or grounds upon which the Patents-in-Suit could be found to be unenforceable. Cipla's

defense of unenforceability is therefore legally insufficient as it is no more than a rote recitation of a generally available affirmative defense without the legally required level of specificity.

* * *

Plaintiffs reserve the right to supplement and/or amend these affirmative defenses as may become available or apparent during discovery proceedings.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

a) An order dismissing each of Cipla's Counterclaims for the '562, '001, '695, and '810 patents with prejudice, and denying all relief sought by Cipla;

b) A judgment that each of the '562, '001, '695, and '810 patents has been infringed under 35 U.S.C. § 271(e)(2) by Cipla's submission to the FDA of Cipla's ANDA;

c) A judgment ordering that the effective date of any FDA approval of the commercial manufacture, use, offer for sale, sale, distribution, or import of Cipla's ANDA Products, or any other drug product that infringes or the use of which infringes one or more of the '562, '001, '695, and '810 patents, be not earlier than the latest of the expiration dates of the '562, '001, '695, and '810 patents, inclusive of any extension(s) and additional period(s) of exclusivity;

d) A preliminary and permanent injunction enjoining Cipla, and all persons acting in concert with Cipla, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Cipla's ANDA Products, or any other drug product covered by or whose use is covered by one or more of the '562, '001, '695, and '810 patents, prior to

the expiration of the ’562, ’001, ’695, and ’810 patents, inclusive of any extension(s) and additional period(s) of exclusivity;

e) A judgment declaring that the commercial manufacture, use, sale, offer for sale, or importation of Cipla’s ANDA Products, or any other drug product which is covered by or whose use is covered by one or more of the ’562, ’001, ’695, and ’810 patents, prior to the expiration of the ’562, ’001, ’695, and ’810 patents, will infringe, induce the infringement of, and contribute to the infringement by others of the ’562, ’001, ’695, and ’810 patents;

f) A declaration that this is an exceptional case and an award of attorneys’ fees pursuant to 35 U.S.C. § 285;

g) Costs and expenses in this action; and

h) Such further and other relief as this Court may deem just and proper.

Dated: November 2, 2026

Respectfully submitted,

*/s/ Charles H. Chevalier*
Charles H. Chevalier
Michael V. Caracappa
FBT GIBBONS LLP
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com

Of Counsel:
David I. Berl
David M. Krinsky
Elise M. Baumgarten
Kevin Hoagland-Hanson
Patrick C. Hynds
Molly K. Moore
Falicia C. Elenberg
Kerry F. Roncallo
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
dberl@wc.com
dkrinsky@wc.com
ebaumgarten@wc.com
khoagland-hanson@wc.com
phynds@wc.com
mmoore@wc.com
felenberg@wc.com
kroncallo@wc.com

*Counsel for Plaintiffs*
*AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, AstraZeneca AB, KuDOS Pharmaceuticals Limited, The University of Sheffield, and MSD International Business GmbH*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2026, true and correct copies of the **PLAINTIFFS' ANSWER TO COUNTERCLAIMS AND AFFIRMATIVE DEFENSES** were caused to be served via ECF and email upon all counsel of record.

s/ *Charles H. Chevalier*
Charles H. Chevalier